IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rosalee M. Wise,                    :

      Plaintiff,              :

  v.                                :    Case No. 2:15-cv-2869

                               :    JUDGE GEORGE C. SMITH
Commissioner of Social Security,     Magistrate Judge Kemp

      Defendant.              :


<u>REPORT AND RECOMMENDATION</u>

      Plaintiff, Rosalee M. Wise, filed this case on September 28, 2015, seeking review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. Plaintiff had filed that application on June 18, 2004, and she alleged that her disability began on November 25, 2001.

      As reflected in the Administrative Law Judge's decision dated April 11, 2014, the first administrative hearing was held on Plaintiff's application on November 15, 2006, followed by an unfavorable decision which issued on October 26, 2007. Following final action by the Appeals Council, Plaintiff filed suit in this Court and was successful in obtaining a sentence four remand. <u>Wise v. Comm'r of Social Security</u>, Case No. 2:09-cv-0355 (S.D. Ohio Aug. 4, 2010).

      After remand, another administrative hearing was held on April 9, 2012, followed by a second unfavorable decision. This time, the Appeals Council granted review and remanded the case to the ALJ to conduct further proceedings. A third administrative hearing was held on December 5, 2013, at which only a medical expert testified. Following that hearing, the ALJ issued an unfavorable decision on April 11, 2014. After the Appeals

Council declined review, Plaintiff filed this action.  The
Commissioner, in compliance with the Court's Local Rules and
scheduling order, filed the administrative record on January 22,
2016.

Plaintiff promptly filed a statement of specific errors.
After requesting and receiving three extensions of time to
respond, the Commissioner filed a motion to remand the case for
further proceedings (Doc. 22).  Plaintiff has opposed that
motion, and the Commissioner has not replied.  For the following
reasons, it will be recommended that the motion be denied and
that Plaintiff be awarded benefits.

I.  The Parties' Positions

The motion for remand asserts the following.  Rather than
beginning with the reason for asking for a remand, the
Commissioner, anticipating Plaintiff's counter-argument, suggests
that this is not a case where Plaintiff has a clear entitlement
to benefits.  Plaintiff's insured status expired in 2006, and,
according to the Commissioner, there are opinions in the file
from both a consultative examiner and a state agency reviewer
which conclude that Plaintiff was no more than moderately limited
by her psychological impairments prior to that date.  The
limitations found by those sources are, says the Commissioner,
consistent with the evidence, and were taken into account when
the ALJ fashioned a residual functional capacity finding.  The
Commissioner then concedes that "the ALJ erred in some of her
characterizations of the testimony of medical expert Dr. Cools,"
Doc. 22, at 3, and that it is appropriate to remand the case for
proper consideration of this testimony.

The Commissioner is not more specific about what error
occurred, although Plaintiff, in her statement of specific
errors, argues that the record reflects that Dr. Cools' testimony
was not given sufficient weight.  To provide some context, the

-2-

issue before the Court in the prior case was whether the ALJ should have retained a medical expert to interpret the treating source's records.  This Court concluded that such an expert was needed.  On remand, Dr. Buban was called to testify in that capacity, but, as the Appeals Council concluded, Dr. Buban "did not address or comment on the opinions from the treating sources" and it "was unclear whether the medical expert was aware of these opinions...." (Tr. 626).  Consequently, the case was sent back to the ALJ to give further consideration to the treating source opinions and to obtain supplemental evidence from a medical expert.  (Tr. 627).  Dr. Cools was that expert.

At the most recent administrative hearing (Tr. 724-40), Dr. Cools described the medical records as presenting a "diagnostic puzzle" beginning with a "severe event" which happened in 2004. His best guess was that Plaintiff had been suffering from pseudo-dementia.  He also noted that she had been presenting with the same set of symptoms from 2001 forward and that both treating sources, Dr. Griffin and Dr. O'Connor, said that she was "pretty non-adaptive throughout."  He also agreed that these opinions were consistent with each other and with the treatment notes. Those opinions, if accepted, lead to a conclusion of disability.

The ALJ, however, made functional capacity findings in accordance with the testimony of Dr. Buban, and gave Dr. Cools' testimony no weight at all (Tr. 348) or "little-to-no-weight" (Tr. 351).  The ALJ found that his testimony was "inconsistent with the record and unsupported by convincing evidence" and that he could not provide specific references to the record to substantiate his conclusions, whereas Dr. Buban's opinion, which the Appeals Council had previously rejected, was "meritorious" based on a "re-examination of the entire record...."  Id.  As noted, the Commissioner now appears to concede, at a minimum, that the ALJ did not properly construe or characterize Dr. Cools'

-3-

testimony.  The Commissioner represents that if the case is remanded, "the Appeals Council will vacate all findings in the Administrative Law Judge's decision for further administrative proceedings, including further consideration of the opinion evidence and whether a fully favorable decision with an award of benefits is appropriate."  Doc. 22, at 4.

In arguing against a remand, Plaintiff requests that the Court simply grant judgment in her favor and direct an immediate award of benefits.  She asserts that if the Court were to remand the case - which is an alternative remedy requested in her statement of errors - the result would undoubtedly be an award of benefits, so that the remand would just delay the inevitable.  She notes that there is no further evidence to be developed because all of the relevant pre-2007 treatment notes are in the record and the medical testimony has been presented.  Finally, she concludes that any medical opinions which support the ALJ's conclusion are inadequate to do so, because neither the consultative examiner nor the state agency reviewer had the entire record to consider and because the ALJ was told by the Appeals Council not to rely on Dr. Buban's testimony.  If that testimony is disregarded, Plaintiff argues that "there is nothing for an ALJ to decide."  (Doc. 23, at 6).

II. Discussion

The legal standard applicable to this motion is the one cited by Plaintiff in her responsive memorandum.  "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  Faucher v. Sec'y of HHS, 17 F.3d 171, 176 (6th Cir. 1994).  This Court has applied that standard in cases like this one where the issue is whether there

-4-

is a sufficient basis for rejecting a treating source opinion as to disability. See, e.g., Wilson v. Comm'r of Social Security, 2016 WL 4098415 (S.D. Ohio Aug. 2, 2016). There, the Court awarded benefits because the only evidence in the record contrary to the opinion of the treating source consisted of opinions from the state agency reviewers, but that evidence was not substantial because the opinions were not evaluated based on the proper factors. This Court applied the treating physician rule from 20 C.F.R. §404.1527(c) and found an award of benefits was required.

The Court views this case as substantially similar. The ALJ certainly erred in her characterization of Dr. Cools' testimony, because he did identify and support his opinion with the notes from the treating sources, contrary to the way in which the ALJ characterized his testimony. But the errors committed by the ALJ went beyond that. The Appeals Council found, specifically, that Dr. Buban's testimony could not be relied on to evaluate the treating source opinions because she was not aware of them. Dr. Cools' testimony clearly establishes that the opinions of those sources were supported by their treatment notes and consistent with each other. He also rejected the suggestion that their opinions were based largely on Plaintiff's self-report of symptoms. As 20 C.F.R. §404.1527(c) mandates, a treating source opinion cannot be rejected if it ""is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." Other factors set forth in that regulation "are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." Gayheart v. Comm'r of Social Security, 710 F.3d 365, 376 (6th Cir. 2013). Plaintiff correctly argues that, once Dr. Buban's opinion is removed from the equation – which is what the Appeals Council directed the ALJ to do – and Dr. Cools' opinion is

-5-

considered, there is no evidence from which a reasonable person could have concluded that the opinions of Plaintiff's treating sources did not meet the test under §404.1527(c).  On this record, the ALJ should have awarded benefits.  Remanding the case simply in order to permit that result is an exercise in delay, and is not the proper remedy here.

Plaintiff is also correct that this is an extraordinary case where another remand is simply not the proper remedy.  The Commissioner has had multiple opportunities to decide this case correctly since the application was first filed in 2004.  The apparent disregard by the ALJ of the Appeals Council's treatment of Dr. Buban's opinion is especially troubling.  Had it not been for that error, Plaintiff may well have received benefits years ago, or at least would have received a proper decision on her claim.  As the Court of Appeals for the Second Circuit has observed, because "a remand is within the discretion of a district court, the principles calling for some evaluation of relative hardships that govern a discretionary selection of alternative remedies apply, and the hardship to a claimant of further delay should be considered."  Butts v. Barnhart, 388 F.3d 377, 387 (2d Cir. 2004).  Consequently, even if the question of whether Plaintiff is clearly entitled to benefits is seen as a close one, the delay factor weighs strongly against a remand.

### III.   Recommendation

Based on the foregoing, it is recommended that the Commissioner's motion to remand (Doc. 22) be overruled, that Plaintiff's statement of specific errors (Doc. 14) be sustained, and that this case be remanded to the Commissioner for an immediate award of benefits consistent with the Social Security Act, 42 U.S.C. §301 et seq.

### IV.   Procedure on Objections

If any party objects to this Report and Recommendation,

-6-

that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

-7-